IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THORCO, INC.,<br><br>Debtor.<br><br>—————————————<br><br>DENNIS THORNTON,<br><br>Plaintiff-Appellant,<br><br>vs.<br><br>BRANDON, et al.,<br><br>Defendants-Appellees. | CV 24–160–M–DWM<br><br><br>OPINION<br>and ORDER |

On November 12, 2024, Dennis Thornton, creditor, and Thorco Inc., debtor (together, the "Appellants"), filed a notice of appeal and statement of election appealing seven orders from the underlying Chapter 7 bankruptcy proceeding. (*See* Doc. 1; Notice of Appeal, 9:22-bk-90119-WLH (Bnkr. D. Mont. 2024), Doc. 425.) Appellees include Whitefish Credit Union, Neal Bouma, MO Somers, LLC, and Ruis Glacier, LLC (together, "Appellees"), and Christy Brandon, Chapter 7 Bankruptcy Trustee for Thorco, Inc. ("Appellee Trustee"). (*Id.*) On December 4, 2024, Appellees moved to dismiss the appeal. (Doc. 3.) For the reasons explained below, the appeal is dismissed as untimely as to first six bankruptcy orders at issue.

1

## BACKGROUND

On November 12, 2024, Appellants filed a notice of appeal and statement of election appealing seven orders from the underlying Chapter 7 bankruptcy proceeding. (*See* Doc. 1; Notice of Appeal, 9:22-bk-90119-WLH (Bnkr. D. Mont. 2024), Doc. 425.) The appeal arises out of a dispute over property located in Somers, Montana.

In 2009, Thorco borrowed $3,360,000 from Whitefish Credit Union and Dennis Thornton and his spouse guaranteed the loan. *Thornton v. Whitefish Credit Union*, 396 Mont. 549, at *1 (Mont. 2019). In 2012, Whitefish Credit Union initiated foreclosure proceedings after Thorco defaulted on the 2009 loan. (Settlement Agreement, 9:22-bk-90119-WLH (Bnkr. D. Mont. 2024), Doc. 295-1 ("Settlement Agr.").) After the state district court granted summary judgment in favor of the Credit Union, Thorco filed a Chapter 11 bankruptcy case on May 27, 2014. 14-bk-60633-RBK (Bnkr. D. Mont. 2014). This case was dismissed in March of 2015. (*Id.*)

Following this dismissal, the state district court proceedings were reinstated and the parties reached settlement in June of 2016. (*See* Settlement Agr.) The settlement agreement included dismissal of the foreclosure proceedings with prejudice, payment to Thorco by Whitefish Credit Union, and a right on the part of Thorco to satisfy all of its and Thornton's obligations to Whitefish Credit Union by

2

payment of $1,400,000 by a specified date. (*Id.*) Failure to make the $1.4 million payment would result in the Credit Union being entitled to the record of deeds to the property transferring title from Thorco and the Thorntons to Whitefish Credit Union. (*Id.*) Neither Thorco nor the Thorntons made any payments by the required date or the extended deadline. (*Id.*) On December 2017, after the expiration of the extended deadline for payment, the Thorntons filed Chatper 11 bankruptcy in the U.S. bankruptcy court. 17-bk-61219-BHP (Bnkr. D. Mont. 2017). That case was dismissed in May of 2018. *Id.*

On April 6, 2018, the Thorntons, individually, filed a state court civil complaint against Whitefish Credit Union in Montana's Eleventh Judicial District, seeking an order requiring the Credit Union to release its mortgages against the property. Cause No. DV-18-336D, (Mont. 11th Distr. 2018). The Thorntons recorded a lis pendens against the property. *Id.* The district court granted summary judgment in favor of Whitefish Credit Union on October 4, 2018, *id.*, and the deeds to the property were recorded three weeks later, (Settlement Agr.). The Thorntons then appealed the denial of their claim regarding the mortgages, which the Montana Supreme Court rejected. *Thornton v. Whitefish Credit Union*, 396 Mont. 549 (Mont. 2019).

Two weeks later, Thorco sued Whitefish Credit Union in Montana's Eleventh District Court asserting the same claims as in the pervious Eleventh

District case. Case No. DV-19-534B, (Mont. 11th Distr. 2019). The district court granted the Credit Union's motion to dismiss and designated Thorco and the Thorntons as vexatious litigants. *Id.* Thorco appealed, and the Montana Supreme Court affirmed the district court's decision, including the vexatious litigant designation. *Thorco, Inc. v. Whitefish Credit Union*, 405 Mont. 537 (Mont. 2021).

On July 29, 2022, Thorco filed the current bankruptcy case as a Chapter 11 proceeding, (22-bk-90119-WLH, Doc. 1 (Bnkr. D. Mont. July 29, 2022)), which was later converted to a Chapter 7 proceeding, (22-bk-90119-WLH, Doc. 224 (Bnkr. D. Mont. Nov. 11, 2023)). On November 22, 2022, the Adversary Complaint was filed asserting that Whitefish Credit Union's recording of the deeds to the property was a fraudulent transfer. (22-bk-90119-WLH, Doc. 76 (Bnkr. D. Mont. Nov. 11, 2022).) Trustee Appellee and Appellees negotiated a proposed settlement of the adversary proceeding and sought approval of the Bankruptcy Court. (Settlement Arg.) The Bankruptcy Court approved the settlement over Thornton's objection. (*See* 22-bk-90119-WLH, Doc. 306 (Bnkr. D. Mont. July 11, 2024); 22-bk-90119-WLH, Doc. 415 (Bnkr. D. Mont. October 28, 2024).)

Appellants now appeal seven Bankruptcy Court orders. (Doc. 1 at 1.) Appellees move to dismiss. (Doc. 3.)

## ANALYSIS

District courts have jurisdiction to hear appeals from bankruptcy court orders only if the appeal is taken "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days of the date after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1); *see* Fed. R. Bankr. P. 8004(a)(1), 9006(a). "The untimely filing of the notice of appeal is jurisdictional." *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986); *see* Fed. R. Bnkr. P. 8003(a)(2). Such timeliness is strictly construed. *In re Souza*, 795 F.2d at 857. The Federal Rules of Bankruptcy Procedure expressly differentiate between a failure to timely file an appeal and other procedural defects. The former affects the validity of the appeal, while the latter does not. *See* Fed. R. Bnkr. P. 8003(a)(2). As explained below, Appellants' notice of appeal is not timely as to the first six bankruptcy orders identified therein, depriving this Court of subject matter jurisdiction over the appeal as to those orders.

In their motion to dismiss, Appellees correctly argue that this Court lacks jurisdiction over the first six orders on timeliness grounds. (Doc. 3 at 14–16). The appeal of the first six orders occurred well after the Rule 8002(a)(1) 14-day requirement as the orders were entered on December 12, 2022, January 11, 2023, June 29, 2023, February 22, 2024, August 15, 2024, and September 30, 2024,

respectively.[1] No party filed a motion to extend the time to appeal with the bankruptcy court. (*See generally*, 9:22-bk-90119-WLH (Bnkr. D. Mont. 2024); *see* Doc. 10 at 5.)

In response, Appellant Thornton asserts that the "[a]ppeal from other orders is proper—even if untimely—because new evidence establishes that those orders are based in fraudulent misrepresentations." (Doc. 8 at 2.) Thornton does not cite to the Bankruptcy Rules or any case law regarding how such a development would affect the Court's jurisdiction over the appeal. (*See generally*, *id.*) Appellant Thorco requests "the indulgence of the Court in recognizing the timeliness of its appeal," but provides no legal arguments to support its request. (Doc. 6 at 2.)

Ultimately, because Appellant's notice of appeal was not timely, *see* Fed. R. Bankr. P. 8002(a), 8004(a)(1), 9006(a), this Court does not have jurisdiction over the appeal as to the first six orders identified therein, *see In re Souza*, 795 F.2d at 857. Accordingly, the appeal is dismissed as to orders one through six for want of jurisdiction.

---

[1] *See* 22-bk-90119-WLH, Docs. 88, 100, 163, 266, 344, 391, 415 (Bnkr. D. Mont. 2024).

6

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Appellees' motion to dismiss, (Doc. 3), is GRANTED for want of jurisdiction as to orders one through six of the appeal.

DATED this 14th day of January, 2025.

_____
Donald W. Molloy, District Judge
United States District Court