IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THORCO, INC.,<br><br>        Debtor. | CV 24–160–M–DWM |
| DENNIS THORNTON,<br><br>        Plaintiff-Appellant,<br><br>vs.<br><br>BRANDON, et al.,<br><br>        Defendants-Appellees. | ORDER |

For the past seven years, Appellant Dennis Thornton has engaged in litigation, individually or through Debtor Thorco, Inc., against Appellee Whitefish Credit Union and others over real property located in Somers, Montana. Twice the Montana Supreme Court determined that Thornton did not have interest in this property following a 2016 mortgage foreclosure settlement agreement and mutual release under which Whitefish Credit Union took title to the property. *Thornton v. Whitefish Credit Union*, 455 P.3d 435 (Mont. 2019); *Thorco, Inc. v. Whitefish Credit Union*, 492 P.3d 1228 (Mont. 2021). The Montana Supreme Court also

1

affirmed the state court's designation of Thornton as a vexatious litigant, *Thorco*, 492 P.3d at 1230, and the United States Bankruptcy Court has declared Thornton to be a vexatious litigant as well, (Bnkr. Doc. 509, 22-bk-90119-WLH (Bnkr. D. Mont. 2025).)[1] Thornton's most recent attempt to assert an interest in the property is ongoing in the underlying bankruptcy proceeding. (22-bk-90119-WLH (Bnkr. D. Mont. 2022).) From this same bankruptcy proceeding, Thornton appeals an order that granted the joint motion to approve settlement, (Bnkr. Doc. 295). (Bnkr. Doc. 415.) That appeal is dismissed.

## BACKGROUND

The underlying bankruptcy proceeding, (22-bk-90119-WLH (Bnkr. D. Mont. 2022)), arises out of a dispute over two tracts of land located in Somers, Montana (the "Property").

In 2009, Thorco, Inc., an entity owned and controlled by Dennis Thornton and his spouse Donna, borrowed $3.3 million from Whitefish Credit Union to subdivide and develop the Property (the "2009 Loan"). *Whitefish Credit Union*, 455 P.3d at 435, ¶ 3. The Thorntons personally guaranteed the 2009 Loan. *Id.* In 2012, Whitefish Credit Union initiated foreclosure proceedings against Thorco and the Thorntons following default on the 2009 Loan. (Bnkr. Doc. 295-1.) After the

---

[1] The underlying bankruptcy proceedings are cited as: Bnkr. [Docket No.].

2

state district court granted summary judgment in favor of Whitefish Credit Union, Thorco filed a Chapter 11 bankruptcy case on May 27, 2014. (14-bk-60633-RBK (Bnkr. D. Mont. 2014).) This case was dismissed in March 2015. (*Id.*)

Following this dismissal, the state district court proceedings were reinstated and the parties reached settlement in June 2016. (*See* Bnkr. 295-1.) The settlement agreement included dismissal of the foreclosure proceedings with prejudice, payment to the Thorntons and Thorco by Whitefish Credit Union, and an option on the part of Thorco to satisfy all of its and the Thorntons' obligations to Whitefish Credit Union by payment of $1,400,000 by a specified date. (*Id.*) Failure to make the $1.4 million payment would result in Whitefish Credit Union being entitled to the record deeds to the Property. (*Id.*) The purchase option was not exercised as neither Thorco nor the Thorntons made any payments by the required date or the extended deadline. (*Id.*) In December 2017, after the expiration of the extended deadline for payment, the Thorntons filed Chapter 11 bankruptcy. (17-bk-61219-BHP (Bnkr. D. Mont. 2017).) This case was dismissed in May 2018. *Id.*

On April 6, 2018, the Thorntons, individually, filed a state court civil complaint against Whitefish Credit Union in Montana's Eleventh Judicial District seeking an order requiring Whitefish Credit Union to release its mortgages against the Property. *Thornton v. Whitefish Credit Union*, DV-18-336D, (Mont. 11th

3

Distr. 2018). The Thorntons recorded a lis pendens against the Property. *Id.* The state court granted summary judgment in favor of Whitefish Credit Union on October 4, 2018, *id.*, and the deeds to the Property were recorded three weeks later, (Bnkr. 295-1). The Thorntons then appealed to the Montana Supreme Court, which affirmed. *Thornton*, 455 P.3d 435.

Two weeks later, the Thorntons, on behalf of Thorco, sued Whitefish Credit Union in Montana's Eleventh District Court asserting the same claims as in the previous case. *Thorco, Inc. v. Whitefish Credit Union*, DV-19-534B, (Mont. 11th Distr. 2019). The district court granted Whitefish Credit Union's motion to dismiss on collateral estoppel and res judicata grounds, and designated Thorco and the Thorntons as vexatious litigants. *Id.* Thorco appealed, and the Montana Supreme Court affirmed the district court's decision, including the vexatious litigant designation. *Thorco, Inc.*, 492 P.3d 1228.

On July 29, 2022, Thorco filed the current bankruptcy case as a Chapter 11 proceeding, (Bnkr. Doc. 1), which was later converted to a Chapter 7 proceeding, (Bnkr. Doc. 224). "Much of this bankruptcy case has specifically centered on the debtor's adversary proceeding[, a Bankruptcy Code § 544(b)] claim] . . . . The thrust of [this] claim was that the transfer of [the] real [P]roperty from the debtor to the credit union in October 2018 . . . pursuant to the parties' 2016 settlement agreement[] could be avoided as a constructive fraudulent transfer under applicable

4

nonbankruptcy law. Thus, the real [P]roperty or its value could be recovered by the estate . . . , including as against the credit union's subsequent transferees (defendants Bouma, MO Somers LLC, and Ruis Glacier, LLC)." (Doc. 57-1 at 2.) During the course of this proceeding, the Bankruptcy Court concluded that Thornton's "course of conduct . . . demonstrated a pattern of vexatious and obdurate conduct, including bad faith abuse of judicial process[,]" and accordingly declared him a vexatious litigant and ordered monetary sanctions against him. (Bnkr. Doc. 509 at 1, 12.)

From this bankruptcy proceeding, Dennis Thornton, creditor, and Thorco Inc., debtor, (together, the "Appellants") appealed seven orders. (Doc. 1 at 1.) Appellees are Whitefish Credit Union, Neal Bouma, MO Somers, LLC, and Ruis Glacier, LLC (together, "Appellees"), and Christy Brandon, Chapter 7 Bankruptcy Trustee for Thorco, Inc. ("Appellee Trustee"). (*Id.*) Six of the appealed orders were dismissed for lack of subject matter jurisdiction pursuant to the Federal Rules of Bankruptcy Procedure. (Doc. 25 at 5–7 (citing Fed. R. Bankr. P. 8002(a), 8004(a)(1), 9006(a); *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986)).) The appeal as to the seventh order proceeded. (*Id.*) In this order, the Bankruptcy Court granted the motion to approve a proposed settlement of the adversary proceeding, (Bnkr. Doc. 295), and denied four other motions not at issue here, (Bnkr. Docs. 339, 355, 381, 413). (Bnkr. Doc. 415 (the "Approval Order").) Now pending are

5

Appellee Trustee's motion to dismiss the appeal, (Doc. 10), Appellees' joint motion for sanctions, (Doc. 41), Appellees' joint motion to strike, (Doc. 49), and Thornton's motion for sanctions against Appellees, (Doc. 56). For the reasons explained below, Appellee Trustee's motion to dismiss and Appellees' motion for sanctions are granted, Thornton's motion for sanctions is denied, and the other pending motion is denied as moot.

## ANALYSIS

### I. Motion to Dismiss Appeal

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, "lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations . . . to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (collecting cases). Consistently, under the Bankruptcy Local Rules governing this Court, a corporation "may appear only by an attorney." D. Mont. Bnkr. L.R. 2090-2(b). Trustee Appellee argues that because the notice of appeal was filed by non-lawyer Thornton for Thorco, a corporation, it is invalid and must be dismissed.

6

The notice of appeal was filed by Dennis Thornton, *pro se*, and Thornton "as Representative of the Debtor, Thorco, Inc." (Doc. 1.) Thorco is a corporation that was not represented by counsel at the time of the appeal. Indeed, Thorco concedes that it "was not represented by a licensed Montana counsel at the time the Notice of Appeal was filed." (Doc. 14 at 2.) Thorco explained that two licensed Montana attorneys and its current counsel, Matthew Christensen, previously represented it in the underlying bankruptcy proceeding, but the two Montana attorneys withdrew. (Doc. 14 at 2.) As Christensen was not yet licensed to practice in Montana, Thorco "remained without Montana-licensed counsel" when it filed an appeal of the Approval Order. (*Id.*) However, in an attempt to remedy the situation, Christensen, once licensed in Montana, appeared less than two weeks later for Thorco and filed the designation of record on its behalf. (Doc. 14 at 2.)

Although in certain circumstances, a corporate officer may sign the notice of appeal for a corporation when filed on behalf of the corporation, so long as attorney "promptly thereafter" appears for the corporation and all briefs and motions are filed by counsel, *In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999); *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004), a corporation that is a Chapter 7 debtor is controlled by a Trustee and that Trustee is "the only party with standing to appeal [a] bankruptcy court's

7

order[,]" *In re Eisen*, 31 F.3d 1447, 1450–51 n.2 (9th Cir. 1994). Thus, Thorco's appeal is defective.

Thornton's *pro se* appeal is also defective. He both failed to timely file a designation of record and failed to file any statement of issues at all. Pursuant to Rule 8003 of the Federal Rules of Bankruptcy Procedure, such failures provide "ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bnkr. P. 8003(a)(2). Here, considering these failures as well as the frivolousness of the appeal, as explained below, it is appropriate to dismiss the appeal

Accordingly, Appellee Trustee's motion is granted on these grounds.

## II. Appellees' Motion for Costs and Sanctions

Appellees request the appeal be deemed frivolous and for an award of just damages, attorney fees, and costs against Thornton and "those persons who have joined in his Notice of Appeal." (Doc. 41 at 1.)[2] Thornton responded twice to the motion but fails to show cause why is appeal should not be found frivolous and why sanctions should not be imposed against him. (*See* Docs. 45, 56.) Accordingly, Appellees' motion for sanctions is granted as outlined below.

### a. Other Persons

---

[2] Appellees do not seek fees and costs from Thorco. (Doc. 41 at 2–3 n.1.)

8

As a threshold matter, Appellees seek an imposition of just damages, attorney fees, and costs against "those persons that have joined in his Notice of Appeal[,]" specifically Nicholas Ramlow, Jeff Cameron, Kim Barstow, and John Sheldon. (Doc. 41 at 1, 6.) These other individuals improperly attempted to join the appeal, (Bnkr. Docs. 450 (Nicholas Ramlow and Jeff Cameron), 455 (John Sheldon), 456 (Kim Barstow)), but were notified by the Bankruptcy Court that to join the appeal, they must "submit [a] Notice of Appeal and pay [the] filing fee[,]" (Bnkr. Doc. 458.) None did so, and, accordingly, were not admitted to the appeal proceeding.[3] Thus, Appellees' motion is denied as to these individuals.

### b. Sanctions Under Rule 8020

Pursuant to Rule 8020(a) of the Federal Rules of Bankruptcy Procedure, "[i]f a district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "Sanctions awardable under [Rule 8020(a)] for a frivolous appeal may include attorney[] fees." *In re Beham*, 220 F. Supp. 3d 1033, 1043 (C.D. Cal. 2016). Because this Rule mirrors Rule 38 of the Federal Rules of Appellate Procedure,[4]

---

[3] John Sheldon's documents were inadvertently filed in the case and are stricken.
[4] "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Civ. P. 38.

9

courts often look to cases applying Rule 38 when determining whether to find an appeal frivolous and award costs under Rule 8020(a). *See In re Ashai*, 211 F. Supp. 3d 1215, 1243 (C.D. Cal. 2016) (collecting cases). Courts "ha[ve] discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990).

Here, Appellants filed a motion for sanctions, (Doc. 41), to which Thornton twice responded, (Docs. 45, 56). Thus, the requisite notice and opportunity to respond were afforded to Thornton. *See* Fed. R. Bnkr. P. 8020. "An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit." *Malhiot v. S. Cal. Retail Clerks Union*, 735 F.2d 1133, 1137 (9th Cir. 1984). Applying this standard here, Thorton's appeal was patently frivolous.

Appellants originally appealed seven orders in November of 2024. The appeal of six of these orders sought review of orders over which this Court clearly lacked jurisdiction. (Doc. 25 (dismissing these orders for lack of jurisdiction)); *see In re Westwood Plaza North*, 889 F.3d 975, 977 (9th Cir. 2018). Indeed, the Federal Rules of Bankruptcy Procedure require that a notice of appeal must be filed "within 14 days after the judgment, order, or decree to be appealed is entered[,]" Fed. R. Bnkr. P. 8002, 8004, and "the law on this point is not ambiguous or open to interpretation[,]" *In re De Jesus Gomez*, 592 B.R. 698, 705 (9th Cir. BAP 2018). Here the six orders were entered on December 12, 2022,

January 11, 2023, June 29, 2023, February 22, 2024, August 15, 2024, and September 30, 2024, respectively.[5] The appeal of these orders was frivolous because dismissal was the sole obvious result. *See Malhiot*, 735 F.2d at 1137.

The only order that was timely appealed is the Approval Order. However, Thorco entered into the settlement agreement, (Bnkr. Doc. 295), that was granted by the Approval Order itself, (Bnkr. Doc. 415). Thus, appeal of the Approval Order is wholly meritless as to Thorco because it is not aggrieved by Approval Order. "[O]nly a party aggrieved by a judgement or order . . . may exercise the statutory right to appeal." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980); *see In re Diet Drugs (Phentermmine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) (collecting cases).

Further, Thornton failed to provide a statement of issues in violation of Rule 8009(a)(1)(A) and failed to comply with Rules 8014 and 8018 in the filing of his opening brief. Even wading through his brief, (Doc. 34), the arguments asserted by Thornton are wholly without merit as they are irrelevant to the issue on appeal, and instead attempt to relitigate other issues decided by the Bankruptcy Court or Montana state courts. Similarly, in his responses to Appellees' motion for sanctions, Thornton fails to show cause as to why sanctions should not be imposed against him, and, instead, improperly alleges new causes of action against

---

[5] (*See* Bnkr. Docs. 88, 100, 163, 266, 344, 391.)

11

Appellees and seeks, *inter alia*, a trial by jury, a preliminary injunction, an award of damages in the amount of $500,000,000, (Doc. 45), and bemoans his denied requests for extensions of time to file responses, asserts facts irrelevant to the motion for sanctions, and then requests sanctions against Appellees, (Doc. 56).

More broadly, as Appellees correctly point out "[t]he cornerstone of every argument and position taken by [Appellants] . . . has been their refusal to accept the decisions of the Montana district courts and the Montana Supreme Court that [Whitefish Credit Union] acted legally in acquiring title to" the Property. (Doc. 41 at 18.) Indeed, Appellants have no legitimate basis for appeal, and their actions are clearly efforts to alter a perfectly legal outcome with which they are dissatisfied. Mere dissatisfaction is not grounds for appeal. *See DeWitt v. W. Pac. R. Co.*, 719 F.2d 1448, 1151 (9th Cir. 1983) ("[T]he decision to appeal should be a considered one, not a knee-jerk reaction to every unfavorable ruling." (alteration and quotation marks omitted))

As is demonstrated by the facts recounted above, Thornton's prior conduct shows years of abusive litigation tactics. *See Trohimovich v. Comm'r of Internal Revenue*, 776 F.2d 873, 875 (9th Cir. 1985) (considering prior abusive conduct of litigants in determination to award sanctions), *abrogated on other grounds by Nordvik v. Comm'r Internal Revenue Serv.*, 67 F.3d 1489, 1493 (9th Cir. 1995). Such tactics include the choice to file substantively the same lawsuit on behalf of

Thorco after having lost their case when filed by the Thorntons individually, which led to the Montana Supreme Court affirming his "vexatious litigant" designation. *Thorco, Inc.*, 492 P.3d at 1230. This is also Thornton's third bankruptcy case filed in an attempt to relitigate matters decided by Montana state courts. (*See* 14-bk-60633-RBK (Bnkr. D. Mont. 2014); 17-bk-61219-BHP (Bnkr. D. Mont. 2017).) During the course of this appeal, Thornton also filed a state court Complaint regarding the Property in violation of state court pre-filing and pre-recording orders, which resulted in the state court *sua sponte* dismissing the case. (Bnkr. Doc. 491-1 (State Court Dismissal Order)). Lastly, the Bankruptcy Judge in the underlying case declared Thornton a vexatious litigant and imposed monetary sanctions based on his "pattern of vexatious and obdurate conduct, including bad faith abuse of the judicial process[,]" which included "repetitious filings [and] filings intended to harass both the court and the Defendants." (Bankr. Doc. 509 at 1, 7–10, 12.)

Based on the foregoing, just damages, costs, and attorney fees are awarded against Thornton under Rule 8020(a).

## III. Thornton's Motion for Costs and Sanctions

In response to Appellees' motion for costs and sanctions, Thornton requests that sanctions be imposed against Appellees and Appellee Trustee for "frivolous,

13

false, intentionally omissive and misrepresentative filings" under Rule 8020, 28 U.S.C. § 1927, or its inherent power. (Doc. 56 at 13.) His request is denied.

In his motion, Thornton does not identify specific acts of Appellees or Appellee Trustee that would warrant sanctions. Instead, Thornton merely makes broad statements that Appellees and Appellee Trustee made "frivolous filings" and took "unfounded positions[,]" (*id.* at 13), made "false, intentionally omissive and misrepresentative filings[,]" (*id.*) "acted deceivtfully before this Court[,]" (*id.* at 14), and have "consistently" "act[ed] in bad faith," (*Id.* at 13–14) The record here belies Thornton's assertions.

Rule 8020(b) provides that a district court "may discipline or sanction an attorney or party appearing before it for . . . misconduct, including a failure to comply with a court order." Fed. R. Bnkr. P. 8020(b). Appellees and Appellee Trustee have not failed to comply with a Court order during this proceeding, and the record does not show that they have engaged in any other misconduct.

Section 1927 states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Here, the record does not show that

14

the Appellees or Appellee Trustee have unreasonably or vexatiously multiplied the proceedings.

"Federal courts possess certain 'inherent powers.'" *Goodyear Tire & Rubber v. Haeger*, 581 U.S. 101, 107 (2017). To rely on its inherent power to impose monetary sanction, a court must find that a party either acted in bad faith or willfully violated a court order. *Am. Unites for Kids v. Rosseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). Here, Appellees and Appellee Trustee have neither acted in bad faith nor willfully violated a court order.

Accordingly, Thornton's motion for sanctions is denied.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Appellee Trustee's Motion to Dismiss, (Doc. 10), is GRANTED, Appellees' Motion for Sanctions, (Doc. 41), is GRANTED IN PART as outlined above, and Thornton's Motion for Sanctions, (Doc. 56), is DENIED. Within fourteen (14) days of this Order, Appellees must file a detailed declaration with supporting documentation for their requested just damages, fees, and costs. Thornton may respond to that filing within fourteen (14) days. No extensions of time will be granted. All other pending motions are DENIED as MOOT.

IT IS FURTHER ORDERED that the documents filed by John Sheldon, (Docs. 7, 46, 52), are STRICKEN.

DATED this 12th day of August, 2025.

_____
Donald W. Molloy, District Judge
United States District Court