IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THORCO, INC.,<br><br>Debtor.<br><br>DENNIS THORNTON,<br><br>Plaintiff-Appellant,<br><br>vs.<br><br>BRANDON, et al.,<br><br>Defendants-Appellees. | CV 24-160–M–DWM<br><br>ORDER |

This bankruptcy appeal arises from an underlying Chapter 7 bankruptcy proceeding. (*See* Doc. 1; Notice of Appeal, 9:22-bk-90119-WLH (Bnkr. D. Mont. 2024), Doc. 425.)[1] From this proceeding, Dennis Thornton and Thorco Inc., debtor, appealed seven orders. (Doc. 1 at 1.) Six of the appealed orders were dismissed for lack of subject matter jurisdiction. (Doc. 25 at 5–7.) The appeal of the seventh order proceeded. In that order, the Bankruptcy Court, *inter alia*, granted the motion to approve a proposed settlement of the adversary proceeding,

---

[1] The underlying bankruptcy proceedings are cited as: Bnkr. [Docket No.].

1

(Bnkr. Doc. 295). (Bnkr. Doc. 415 (the "Approval Order").) The appeal was then dismissed and sanctions were imposed against Appellant Dennis Thornton under Rule 8020(a) of the Federal Rules of Bankruptcy Procedure. (Doc. 61 (the "Dismissal Order").) Appellees Whitefish Credit Union, Neal Bouma, MO Somers, LLC, and Ruis Glacier, LLC (together, "Appellees") were ordered to provide a detailed declaration with supporting documentation for their requested damages, attorney fees, and costs. *(Id.)* Whitefish Credit Union seeks a total of $31,309.50 in attorney fees and costs. (Doc. 65.) Neal Bouma seeks a total of $26,211.00 in attorney fees. (Doc. 66.) MO Somers, LLC and Ruis Glacier LLC seek a total of $8,269.50 in attorney fees. (Doc. 64.) Thornton seeks to stay the award of sanctions pending his appeal and objects to the amounts requested. (Doc. 69.) Ultimately, the request for a stay is denied and Appellees are awarded the requested amounts.

## ANALYSIS

### I. Stay of Sanctions Pending Appeal

Thornton argues that because he has appealed the Dismissal Order, (Doc. 63), the award of monetary sanctions against him should be "stayed or denied pending resolution of the appeal." (Doc. 69.)

"A district court . . . has the authority to enforce its past orders even while an appeal is pending." *Barnes v. Sea Hawai'i Rafting, LLC*, 444 F. Supp. 3d 1215,

1221 (D. Haw. 2020); *Hoffman for & on Behalf of N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 88*, 536 F.2d 1268, 1276 (9th Cir. 1976) (holding that "in the kinds of cases where the court supervises a continuing course of conduct and where as new facts develop additional supervisory action by the court is required, an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision")  Moreover, a district court may retain jurisdiction to rule on ancillary matters, such as attorneys' fees and sanctions. *See Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956–57 (9th Cir. 1983); *United Energy Owners v. United Energy Mgmt.*, 837 F.2d 356, 358 (9th Cir. 1988).  Here, because sanctions were awarded in the Dismissal Order, (Doc. 61), which was then appealed, (Doc. 63), it is jurisdictionally proper to rule on the amounts that comprise such sanctions.

Whether a stay is warranted in these circumstances is a matter of judicial discretion. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).  In exercising such discretion, courts are guided by four factors: "(1) whether the stay [movant] has made a strong showing that he is likely to succeed on the merits; (2) whether the [movant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).  Although the first two factors are "the most critical," *Nken*, 556 U.S. at

3

434, a "sliding scale" approach is applied where "a stronger showing of one element may offset a weaker showing of another," *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)). If the first two factors are not met, the remaining two need not be reached. *Nken*, 556 U.S. at 435. The burden is on the party requesting the stay to show circumstances that justify a stay. *Nken*, 556 U.S. at 433–34 (explaining that a stay is not a matter of right, even if irreparable injury may result). Because Thornton fails to carry this burden, a stay is not warranted.

### a. Likelihood of Success on the Merits

Although the movant need not show "it is more likely than not that they will win on the merits," he must "at minimum" show that there is a "substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 968. Thornton states the issues for which he seeks relief on appeal are: (1) the Appellees lacked standing; (2) the "vexatious-litigant designation" failed to satisfy the requisite test prescribed by caselaw; (3) the imposition of sanctions was improper "without specific bad-faith findings;" (4) reliance on 28 U.S.C. § 1927 was improper; and (5) various "procedural rules" were violated. (Doc. 69 at 2–3.) The Dismissal Order not only found the appeal in this matter to be "defective," (Doc. 61 at 8), but that it was "patently frivolous" to the point of sanctions under Rule 8020 being appropriate, (*id.* at 10; *see id.* 8–13), and that Thornton had engaged in "years of abusive

4

litigation tactics," which continue in this matter, (*id.* at 12). None of the arguments that Thornton raises on appeal pose serious legal questions as to these determinations. Indeed, Thornton's second, third, and fourth arguments fail as a matter of law because he was not designated a vexatious litigant in the Dismissal Order, the imposition of sanctions under Rule 8020 does not require bad-faith findings, and the Dismissal Order did not impose sanctions under 28 U.S.C. § 1927. As to his standing argument, Thornton improperly relies on cases that address standing to appeal a bankruptcy court order, not defend against one. *See Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983); *In re Pecan Groves Ariz.*, 951 F.2d 242, 244–45 (9th Cir. 1991). Lastly, as to Thornton's argument regarding procedural rule violations, his reliance on Federal Rules of Bankruptcy Procedure 9011 and 3001 through 3008, as well as Federal Rule of Civil Procedure Rule 17(a), is misplaced. These rules simply do not bear on the questions presented in the underlying appeal or the disposition of those issues in the Dismissal Order.

Because Thornton has not shown that there is a "substantial case for relief on the merits," *Leiva-Perez*, 640 F.3d at 966, this factor weighs against a stay.

### b. Irreparable Harm to Movant

A movant must also show that "there is a *probability* of irreparable injury if the stay is not granted." *Lair*, 697 F.3d at 1203. To determine such probability

5

requires "anticipat[ing] what would happen as a practical matter following the denial of a stay." *Leiva-Perez*, 640 F.3d at 968. Thornton is correct that he would be injured by the award of sanctions against him because he would suffer "financial harm." (*See* Doc. 69 at 5.) He further asserts that he is a "pro se litigant without substantial resources." (*Id.*) Notably, any financial harm that Thornton faces is likely of his own making, as he has repeatedly initiated suits in numerous jurisdictions.² Nevertheless, following the denial of a stay, Thornton would certainly suffer financial injury as a practical matter. Whether this injury is irreparable is a different matter. *Lair*, 697 F3.d at 1214. An "irreparable injury" is "an injury that cannot be adequately measured or compensated by money and is therefore often considered remediable by injunction." *In re Franz*, 534 B.R. 378, 389 (Bnkr. D. Idaho 2015) (internal quotation and alteration omitted); *compare In re Fullmer*, 323 B.R. 287, 303 (Bnkr. D. Nev. 2005) (explaining the loss of "unique . . . real property" is considered an irreparable injury), *with In re Swartout*, 554 B.R. 474, 478 (Bnkr. E.D. Cal. 2016) (explaining that an "economic injury generally will not support a finding of irreparable harm"). A sufficient probability of irreparable harm can be shown where judicial review is effectively prevented, or

---

² *E.g.*, *Thornton v. Whitefish Credit Union*, 455 P.3d 435 (Mont. 2019); *Thorco, Inc. v. Whitefish Credit Union*, 492 P.3d 1228 (Mont. 2021); *In re Thorco, Inc.*, 14-bk-60633-RBK (Bnkr. D. Mont. 2014); *In re Thorco, Inc.*, 7-bk-61219-BHP (Bnkr. D. Mont. 2017); *Thornton v. Whitefish Credit Union*, 25-cv-54-M (D. Mont. 2025); and *Thornton v. Whitefish Credit Union*, 25-cv-78-M-DWM (D. Mont. 2025).

"effective relief" could not be afforded even upon prevailing on the merits. *Leiva-Perez*, 640 F.3d at 969 (internal quotation marks omitted). Thornton can show neither here, as judicial review will be effectuated because his appeal is currently pending, and should he succeed on appeal, then relief can be granted. *See In re Estates*, 2014 WL 12088558, at *4 (C.D. Cal. Sept. 30, 2014); *Harris v. United States Bankruptcy Court*, 2010 WL 11549715, at *1 (C.D. Cal. 2010) (explaining "suffer[ing] some financial difficulties by paying [a] sanctions award . . . is unlikely" to constitute "irreparable harm").

Accordingly, because Thornton is unable to show a probability that irreparable harm will occur, *see Lair*, 697 F.3d at 1203, this factor weighs against imposing a stay.

### c. Substantial Harm to Other Parties and Public Interest

Because Thornton is unable to show a likelihood of success on the merits or a probability that irreparable harm will occur, the remaining two factors need not be reached. However, even if they were reached, both weigh against a stay.

As explained in the Dismissal Order, Thornton has engaged in years of abusive litigation against the Appellees. (Doc. 61 at 2–6 (recounting years of litigation), 10 ("Thorton's appeal was patently frivolous"), 12 ("Thornton's prior conduct shows years of abusive litigation tactics.").) Indeed, the Montana Supreme Court has affirmed the state court's designation of Thornton as a

vexatious litigant, *Thorco, Inc. v. Whitefish Credit Union*, 492 P.3d 1228, 1230 (Mont. 2021), and the United States Bankruptcy Court has declared Thornton to be a vexatious litigant as well, (Bnkr. Doc. 509, 22-bk-90119-WLH (Bnkr. D. Mont. 2025)). In the above-captioned matter alone, as shown in counsels' time sheets, Appellees have spent significant time and money defending a frivolous appeal. Granting a stay would only increase such "substantial harm," *In re Frantz*, 534 B.R. at 390, that Appellees have suffered.

As to the final factor, the public has a legitimate interest in judicial efficiency and courts' abilities to ensure justice. *See In re Frantz*, 534 B.R. at 390. Frivolous litigation, particularly when a litigant is abusive in his tactics, derogates judicial efficiency and offends justice. *See, e.g.*, *Ventress v. Kilgore*, 2021 WL 1742246, at *2 (C.D. Cal Feb. 19, 2021); *Labossiere v. GMAC Mortg.*, 2010 WL 4225544, at *1 (D. Idaho 2010). Thus, it is not in the public interest to stay this matter.

## II. Fees and Costs

Pursuant to the Dismissal Order, (Doc. 61), Appellees Whitefish Credit Union, Neal Bouma, and MO Somers, LLC and Ruis Glacier, LLC have filed declarations with supporting documentation to request a specific award amount. (Docs. 64, 65, 66, 67.) Thornton opposes the award amounts as "exorbitant," "unreasonable," "inflated," and "unsubstantiated." (Doc. 69 at 2, 5–6.) He argues

that a single time entry that has been partially redacted in MO Sommers and Ruis Glacier's declaration,[3] violated the requirement that billing be detailed. (*Id.* at 6.) He also quotes Laird Crowley, PLLC partner, associate, and paralegal hourly rates and remarks that "[t]hese fees are ridiculous," (*id.* at 6), without providing any support for this assertion.

A district court has discretion to award just damages and single or double costs as a sanction against bringing a frivolous appeal. Fed. R. Bankr. P. 8020(a). This award may include attorney fees. *In re Beham*, 220 F. Supp. 3d 1033, 1043 (C.D. Cal. 2016). In determination of the appropriate award amount, a court must "fulfill the deterrent purposes of Rule 8020." *In re Baroni*, 2023 WL 4879843, at *15 (C.D. Cal. June 28, 2023) (quoting *In re Sokolik*, 635 F.3d 261, 271 (7th Cir. 2011)). In this determination, a court may "consider[] the broader context of litigation." *Id.* at *14–15.

"The calculation of fees and costs under Rule 8020 is distinct from the analysis of reasonable fees and costs awarded to a 'prevailing party' by statute, in that damages must only be 'just.'" *In re S. Cal. Sunbelt Developer's Inc. v. S. Cal. Sunbelt Developers, Inc.*, 2009 WL 2138490, at *1 (C.D. Cal. Jul. 15, 2009) (citing *Sun-Tek Indus., Inc. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir.

---

[3] The task for the 0.20-hour entry performed by Wavra and billed at $55.00 is "Teleconference with client regarding [ACP REDACTION]." (Doc. 64 at 5.)

9

1989)). The calculation of just fees and costs can include the "fees and costs actually incurred . . . defending against [the] frivolous appeal." *Sun-Tek Industries, Inc.*, 865 F.2d at 1255 (discussing a fee award under Fed. R. App. P. 38). In evaluating the appropriate fee award, courts can also consider the portion of the litigation "devoted to frivolous issues," and the hourly rates charged in the relevant community. *In re S. Cal. Sunbelt Developer's Inc.*, 2009 WL 2138490, at *2 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A "trial court must provide adequate explanation [of its calculation] . . . , but 'a brief explanation of how the court arrived at its figures'" is sufficient. *Id.* at *1 (quoting *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988)).

### a. Whitefish Credit Union

Whitefish Credit Union seeks $31,036.50 in attorney fees[4] and $273.00 in costs. (Doc. 65 at ¶¶ 13, 14, 15; Doc. 65-2; Doc. 65-2). To substantiate its request, Whitefish Credit Union provides the applicable Gordon Rees Scully Mansukhani LLP partner and paralegal hourly rates, (Doc. 65 ¶¶ 5, 8, 9), the billing records of time spent defending the above-captioned appeal, which includes, *inter alia*, the dates of time expended and billing, timekeeper, matter, applicable rate, billed hours, billed amount, and description of work, (Doc. 65-2), the educational and

---

[4] All entries included in the billing records have been billed, except the final entry in the amount of $153.00, which at the time of filing was entered but not yet billed. (Doc. 65-2 at 11.)

10

professional background of counsel, Meagan P. VanderWeele, (Doc. 65 at ¶¶ 6, 7; Doc. 65-1 (VanderWeele's Curriculum Vitae)), and the professional background of the paralegal that worked on this appeal, (Doc. 65 at ¶ 9). The fees incurred are calculated based solely on work performed for the above-captioned appeal and do not include fees for work performed in the related adversary proceeding, the underlying bankruptcy proceeding, or the related appeals. (Doc. 65 at ¶ 12; Doc. 65-2.) VanderWeele, a partner with Gordon Rees Scully Mansukhani, who has been practicing for over ten years, has an hourly rate of $225/hour. (Doc. 65 at ¶¶ 6, 8). Her paralegal's rate is $95/hour. (*Id.* ¶ 9).

VanderWeele believes these rates are "reasonable and within the range of usual and customary rates normally charged by attorneys and paralegals in [Montana] for similar representation." (Doc. 65 ¶ 10). Based on recent attorney fee awards in this District, she is correct. *See, e.g., U.S. Equal Emp. Opportunity Comm'n v. Norval Elec. Coop., Inc.*, 2024 WL 4667265, at *6–7 (D. Mont. Nov. 4, 2024) (approving $325/hour for attorney with 17 years of experience and $125/hour for paralegals); *Victory Processing, LLC v. Knudsen*, 2021 WL 587905, at *4 (D. Mont. Feb. 16, 2021) (approving $350/hour for an attorney with 25 years of experience, $300/hour for an attorney with 15 years of experience, $250/hour for an attorney with 6 years of experience, and $180/hour for a new associate).

Based on the record in this case, Thornton's arguments that the requested fee amount is unsubstantiated or inflated, or in some way unreasonable or exorbitant, are meritless. The declaration and attached exhibits demonstrate that the requested fee amount accurately accounts for VanderWeele and her paralegal's time spent defending this appeal at rates that are appropriate. The requested costs of $273.00, which cover filings fees, are supported by the documentation as well. (Doc. 65-3.) Accordingly, Whitefish Credit Union is awarded the requested amount of $31,309.50 pursuant to Rule 8020(a).

### b. Neal Bouma

Neal Bouma seeks a total of $26,112.00 in attorney fees. (Doc. 66 at 3.) In support of that request, Neal Bouma has provided the applicable hourly rates, (Doc. 66 at 2–3), the billing records of time spent defending the above-captioned appeal, which includes, *inter alia*, the date of time expended, timekeeper, matter, description of work, applicable rate, billed hours, and billed amount, (Doc. 12–14), and the educational and professional background of sole counsel, Ward E. Taleff, (Doc. 66 at 2, 5–11). In further support of his sought amount, Neal Bouma filed the "Opinion of James A. Patten," who is an attorney in Montana that primarily practices "bankruptcy and civil litigation leading up to bankruptcy." (Doc. 67.)

The fees incurred are calculated based solely on work performed for the above-captioned appeal and do not include fees for work performed in the related

adversary proceeding, the underlying bankruptcy proceeding, or the related appeals. (Doc. 66 at 12–14). Tarleff's hourly rate is $320/hour, (Doc. 66 at 3), which is below the rates commonly charged by attorneys with his nearly 50 years of experience in this District, (Doc. 66 at 3; Doc. 67 at 4). *See Victory Processing, LLC*, 2021 WL 587905, at *4 (approving $350/hour for an attorney with 25 years of experience). Based on the record in this case, Thornton's arguments that the requested fee amount is unsubstantiated or inflated, or in some way unreasonable or exorbitant, is again meritless. The declaration and opinion demonstrate that the requested fee amount accurately accounts for Tarleff's time spent defending this appeal at a rate that is appropriate. Neal Bouma is awarded the requested amount of $26,112.00 pursuant to Rule 8020(a).

### c. MO Somers, LLC and Ruis Glacier LLC

MO Somers and Ruis Glacier seek a total of $8,269.50 in attorney fees. (Doc. 64 at 21, 23.) In support of that request, they have provided the applicable Laird Crowley, PLLC partner, associate, and paralegal hourly rates, (Doc. 64 at 2), the billing records of time spent defending the above-captioned appeal in a table that provides the date of time expended, description of work, timekeeper, time expended, applicable rate, and total billed, (*id.* at 3–21), and the educational and professional background of primary counsel, Riley M. Wavra, (*id.* at 22), and

another attorney (*id.* at 22 (Cory R. Laird)), that worked on this appeal, as well as the professional background of the two relevant paralegals, (*id.* at 22).

The fees incurred are calculated based solely on work performed for the above-captioned appeal and do not include fees for work performed in the related adversary proceeding, the underlying bankruptcy proceeding, or the related appeals. (Doc. 64 at 3–21.) Wavra's hourly rate is $275/hour, Laird's rate is $325/hour, Hanninen's rate is $120/hour, and Pace's rate is $120/hour. (Doc. 64 at 2, 3–21.) These rates are within the range of commonly charged rates by attorneys with similar experience in Montana. *See, e.g.*, *Victory Processing, LLC*, 2021 WL 587905, at *4. The majority of the time billed defending this appeal was performed by Wavra and Hanninen. (Doc. 64 at 3–21 (Laird only billed six entries, totaling $942.50).) Based on the record in this case, Thornton's arguments that the requested fee amount is unsubstantiated or inflated, or in some way unreasonable or exorbitant, are once again meritless. The declaration demonstrates that the requested fee amount accurately accounts for Wavra, Laird, Hanninen, and Pace's time spent defending this appeal at rates that are appropriate. MO Somers and Ruis Glacier are awarded the requested amount of $8,269.50 pursuant to Rule 8020(a).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Appellees are awarded the following amounts pursuant to Rule 8020(a) of the Federal Rules of Bankruptcy Procedure and Court Order, (Doc. 61):

- Whitefish Credit Union: $31,309.50;
- Neal Bouma: $26,112.00; and
- MO Sommers, LLC and Ruis Glacier, LLC; $8,269.50.

DATED this 17 day of December, 2025.

_____ 13:48 P.M.
Donald W. Molloy, District Judge
United States District Court